UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOANNE R. SCHEAFNOCKER,

        Plaintiff,                        CIV. S-05-2002 DFL PAN (GGH) PS

        v.

COMMISSIONER OF INTERNAL REVENUE        <u>FINDINGS AND RECOMMENDATIONS</u>
SERVICE,

        Defendant.

-o0o-

Defendant moves to dismiss plaintiff's complaint for (1) lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) or, (2) alternatively, improper venue (28 U.S.C. § 1402(c)) or, (3) assuming the court finds both subject matter jurisdiction and proper venue, failure to state a claim (Fed. R. Civ. P. 12(b)(6)). Defendants' motion was heard May 25, 2006.[1] Plaintiff appeared and represented herself; defendants were represented telephonically by Henry R. Darmstadter.

This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).

---

[1] Plaintiff's May 15, 2006 "motion" requesting that the May 25 hearing be rescheduled was and is hereby denied.

BACKGROUND

Plaintiff asserts she was denied due process by the IRS' 2003 levy and seizure of a certificate of deposit that plaintiff held jointly with her ex-husband. The levy was acted upon to satisfy the separate tax liabilities of plaintiff's ex-husband, specifically, trust fund employment taxes and penalties. The CD, cashed out at more than $25,000, was purchased in 1988 with a $10,800 check made out to plaintiff and her ex-husband and represented the profits from the sale of their marital home pursuant to their 1983 divorce. Plaintiff states she and her ex-husband agreed to maintain the CD pending determination of child support obligations which remain unresolved in Texas state court proceedings. The CD purportedly bore the notion, handwritten by plaintiff, "Our terms–to be held in lieu of Texas court C.S. case resolution. J.S."

Plaintiff opened the CD at Equibank in North Huntington, Pennsylvania, where she then resided; plaintiff's ex-husband resided in Texas. Plaintiff states the bank changed ownership several times but she kept each bank appraised of her current address. Plaintiff last appeared in person at the bank, then National City, in Bellevue, Pennsylvania, in September 2002, and requested transfer of the account to California, her new residence. Plaintiff states the bank refused to transfer the account without the personal appearance of plaintiff's ex-husband.

In July 2004, upon a failed attempt to make a deposit in the account, plaintiff learned that the IRS had seized all funds in May 2003. At no time had the bank or the IRS notified plaintiff.

On August 19, 2004, the IRS received plaintiff's Application for Tax Payer Assistance Order (Form 911) (dated July 19, 2004) seeking return of the funds pending a final decision by the Texas courts. On January 3, 2005, the application was denied on the ground that the nine-month statute of limitations for making a wrongful levy claim, pursuant to 26 U.S.C. § 7426(a)(1), had expired. The IRS suggested that plaintiff seek recovery from her ex-husband.

On March 23, 2005, plaintiff filed in Tax Court a "Petition for Lien or Levy Action." The IRS dismissed the petition May 31, 2005, for lack of jurisdiction on the ground, "It

is well settled that the [Tax] Court lacks jurisdiction in a collection review proceeding to consider trust fund recovery penalties,"[2] citing Moore v. Commissioner, 114 T.C. 171 (2000) (Tax Court without jurisdiction to redetermine the amount of taxpayer's liability for failure to collect and pay employment taxes).[3]

Plaintiff filed her civil rights complaint in this court on October 4, 2005, alleging denial of her rights to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. She seeks a refund of the total amount of the CD, including principal and accrued interest, plus costs.

The IRS asserts this court lacks subject matter jurisdiction to consider plaintiff's claim because she failed timely to pursue her purportedly sole remedy, viz., a civil action for wrongful levy by a person other than the taxpayer pursuant to 26 U.S.C. § 7426(a)(1).

Alternatively, the IRS asserts the only proper venue for this case is the U.S. District Court for the Western District of Pennsylvania, based on the requirement of 28 U.S.C. § 1402(c) that "[a]ny civil action against the United States under subsection (e) of section 1346 of this title [according original jurisdiction to the district courts of any civil action against the United States pursuant to 26 U.S.C. § 7426] may be prosecuted only in the judicial district where the property is situated at the time of levy, or if no levy is made, in the judicial district in which the event occurred which gave rise to the cause of action."

Finally, the IRS asserts that even if subject matter jurisdiction is found and venue is proper, plaintiff cannot prevail on the merits of her claim because jointly held funds may

---

[2] The declaration of IRS Associate Advocate Stephen E. Horrie before the Tax Court states that Fred Scheafnocker owed "trust fund recovery penalties" for the periods ending: June 30, 1999; September 30, 1999; December 31, 1999; March 31, 2000; June 30, 2000; September 30, 2000; and December 31, 2000; and that these penalties were assessed on October 7, 2002.

[3] The IRS has not pursued this ground for dismissal before this court. Additionally, while the the Tax Court directed the IRS to explain "whether the levy in question was effected consistent with the levy procedures set forth in IRC § 6330," it ignored the IRS' argument that the requirement of pre-levy notice to "any person" as set forth in § 6330 is limited to "the taxpayer" as defined by § 6331.

be levied to satisfy the tax obligations of only one of the depositors, citing U.S. v. National Bank of Commerce, 472 U.S. 713, 105 S. Ct. 2919 (1985).

LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a complaint for "lack of jurisdiction over the subject matter." The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700 (1962); See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). On a Rule12(b)(1) motion to dismiss, plaintiff bears the burden of proving that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). In reviewing a motion pursuant to this rule, the court may consider affidavits or any other evidence properly before the court. Sommatino v. United States, 255 F.3d 704, 710 (9th Cir. 2001); Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000). Unlike the strict limitations under Rule 12(b)(6) against considering matters outside the complaint, a Rule 12(b)(1) motion may refer to evidence extraneous to the complaint without converting it into a Rule 56 motion for summary judgment. Sun Valley Gas v. Ernst Enters., Inc., 711 F.2d 138,139 (9th Cir. 1983).

ANALYSIS

The IRS asserts this court lacks subject matter jurisdiction to consider plaintiff's claim because her exclusive remedy is a civil action for wrongful levy pursuant to 26 U.S.C. § 7426 and plaintiff has failed to meet either of the two limitations periods applicable to that provision. See 26 U.S.C. § 7426(i), incorporating the limitations periods of 26 U.S.C. § 6532(c).

First, plaintiff failed to file her action within nine months "from the date of the levy or agreement giving rise to such action," as required by 26 U.S.C. § 6532(c)(1). Plaintiff's action was filed October 4, 2005, more than two years after the IRS' May 30, 2003 levy.

Second, plaintiff failed to make an administrative claim within nine months of the levy as required by 26 U.S.C. § 6532(c)(2) in order to obtain an additional twelve months to file her civil action. See 26 U.S.C. § 6343(b); WWSM Investors v. U.S., 64 F.3d 456, 458 (9th Cir. 1995), Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1208, n. 5 and related text (9th Cir. 1995). Plaintiff's first administrative request was received by the IRS August 19, 2004, within weeks of plaintiff learning of the levy but more than a year after the levy action itself.

The IRS asserts these limitation periods are jurisdictional because an action for wrongful levy pursuant to 26 U.S.C. § 7426 is plaintiff's exclusive remedy. The IRS further argues that these limitation periods are not subject to equitable tolling, based on the assertedly analogous reasoning of the U.S. Supreme Court in U.S. v. Brockamp, 519 U.S. 347, 117 S. Ct. 849 (1997) (denying equitable tolling of limitations period for filing tax refund claims under 26 U.S.C. § 6511 because the statutory limitations period and exceptions are written in "unusually emphatic form").

However, the Ninth Circuit has expressly held that 26 U.S.C. § 7426 is not the exclusive remedy for a civil action against the IRS by a plaintiff compelled to pay another's taxes. In WWSM Investors v. United States, supra, 64 F. 3d 456, the assets of a creditor were seized to satisfy the unpaid payroll taxes of its debtor. The Ninth Circuit held that 26 U.S.C. §

7426 was not the exclusive remedy for a wrongful levy action.  Finding the action time-barred under § 7426, the WWSM court held that the creditor could file a refund action pursuant to 28 U.S.C. § 1346(a)(1).[4]  Overruling its holding in Winebrenner v. United States, 924 F.2d 851 (9th Cir. 1991), that § 7426(a)(1) was the exclusive remedy for wrongful levy, the Ninth Circuit relied upon the Supreme Court's decision in Williams v. United States, 514 U.S. 527, 115 S. Ct. 1611 (1995), which authorized a refund suit against the IRS under 28 U.S.C. § 1346(a)(1) by an individual who paid the tax liability of her ex-husband in order to remove a tax lien assessed against jointly-owned property in which the ex-husband had relinquished his interest.  Finding generally that the term "taxpayer" is not limited to the "assessed party" but "means any person subject to any internal revenue tax," the Court held that a third party required to pay the tax liability of another may file a refund suit under 28 U.S.C. § 1346(a)(1).  Id., 514 U.S. at 535, 115 S. Ct. at 1617.

       The Ninth Circuit revisited WWSM and Winebrenner in Fidelity and Deposit Co. of Maryland v. City of Adelanto, 87 F.3d 334, 335 (9th Cir. 1996), and held that 26 U.S.C. § 7426(a)(1) remains the exclusive remedy for a third party who has paid the taxes of another if the only alternate remedy would be a quiet title action under 28 U.S.C. § 2410(a)(1), with its significantly longer (six-year) statute of limitations.  However, a wrongful levy action is not the exclusive remedy where the alternate remedy is a refund action.  As the Ninth Circuit reasoned in Fidelity: "Relying on Williams, we held [in WWSM] that leave should have been given because WWSM, as a third party nontaxpayer whose bank accounts were levied upon and seized by the IRS, had standing to file suit for a refund under § 1346(a)(1).  Thus, to the extent that a refund action is available, § 7426 is not the exclusive remedy for a wrongful levy and to this extent,

---

[4] 28 U.S.C. § 1346(a)(1) provides, "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

Winebrenner has been overruled by Williams." Fidelity, 87 F.3d at 338 (citations omitted).

As in WWSM, the instant case involves the IRS' levy upon the bank account of a third party to pay the taxes of another and may therefore be pursued as a refund action pursuant to 28 U.S.C. § 1346(a)(1) (authorizing civil actions against the United States for the recovery of wrongfully assessed or collected internal revenue taxes), and presumably 26 U.S.C. § 7422(a) (authorizing civil actions on refund or credit claims). Under these provisions, venue is proper "in the judicial district where the plaintiff resides," 28 U.S.C. 1402(a)(1), and the action may be filed within two years after an adverse administrative decision, 26 U.S.C. § 6532(a)(1). Full payment of the tax for which a refund is sought is also required. Flora v. U.S., 357 U.S. 63, 78 S. Ct. 1079 (1958). Each of these conditions has been met here. Plaintiff resides in this judicial district, both of the IRS' adverse administrative decisions were rendered less than one year before plaintiff filed this action, and the IRS does not assert that full payment of the subject taxes was not made.

Accordingly, this court finds it has subject matter jurisdiction to consider plaintiff's claim as a refund action pursuant to 28 U.S.C. § 1346(a)(1), and that venue is proper within this judicial district, 28 U.S.C. 1402(a)(1).

Finally, the IRS asserts that even if subject matter jurisdiction is found and venue is proper, plaintiff cannot prevail on the merits of her claim because jointly held funds remain subject to IRS levy in order to satisfy the tax obligations of only one of the joint depositors, citing U.S. v. National Bank of Commerce, 472 U.S. 713, 105 S. Ct. 2919 (1985). This contention, framed as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), is premature. National Bank held that the IRS can levy the assets of a jointly-held account to satisfy the tax obligations of one account holder, without providing notice to the other account holders; however, the Court emphasized that state law determines the rights of joint account holders, and an administrative levy action pursuant to 26 U.S.C. § 6331 is only a "provisional remedy" subject to final determination of rights in a civil action brought in district

court. The parties have addressed neither Pennsylvania law as it applies to the rights of joint account holders, nor the significance of National Bank's refusal to transfer the subject CD account without the appearance of plaintiff's ex-husband. These and other issues must be fully developed to permit this court's "final determination of rights."

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss filed March 29, 2006, be DENIED. Should the District Judge adopt these findings and recommendations, defendant should be ordered to serve and file an answer to plaintiff's complaint within thirty (30) days after service of the District Judge's order.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/21/06                    /s/ Gregory G. Hollows
                                  GREGORY G. HOLLOWS
                                  U. S. MAGISTRATE JUDGE

NOW6:SCHAEFNOCKER.MTD