IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE R. SCHEAFNOCKER,

    Plaintiff,                        No. CIV S-05-2002 DFL EFB PS

    vs.

COMMISSIONER OF INTERNAL
REVENUE

    Defendant.                       <u>ORDER</u>

_____/

        This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Presently before the court is defendant's request for a partial stay of this action pending ruling by the Supreme Court in *EC Term of Years Trust v. United States* (Case No. 05-1541). Plaintiff has filed no opposition to the request.

        Plaintiff commenced this action in October 2005, alleging that the IRS wrongfully levied funds from a bank account jointly held by her and her ex-husband, Fred Scheafnocker, at National City Bank of Pennsylvania. The levy was issued by the IRS to collect trust fund recovery penalties under IRC § 6672 assessed against Mr. Scheafnocker. Plaintiff alleged that the IRS improperly seized her property to satisfy the tax liabilities of another, i.e., her ex-husband. Defendant argued for dismissal on grounds that the court lacked subject matter jurisdiction over this action because plaintiff's exclusive remedy for recovery of the seized funds

1

was a wrongful levy action under 26 U.S.C. § 7426, and that any such claim was barred by the applicable statute of limitations. On March 28, 2007, the district judge adopted the magistrate judge's findings and recommendations and denied defendant's Rule 12(b)(1) motion to dismiss.[1]

In denying defendant's motion, the court acknowledged that, apart from the Ninth Circuit, "all other circuits that have considered the issue have determined that § 7426 is the exclusive remedy for third party wrongful levy claims." *See* Order (Doc. No. 38). However, the Ninth Circuit's contrary ruling in *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995) is controlling here. Under *WWSM Investors*, a non-taxpayer third party may, in addition to bringing a claim for wrongful levy under § 7426, pursue an action for refund under 28 U.S.C. § 1346(a)(1) seeking recovery of property wrongfully seized by the IRS. The Supreme Court has recently resolved that split of authority.

On October 27, 2006, the Supreme Court granted *certiorari* in *EC Term of Years Trust v. United States*, 434 F.3d 807 (5th Cir. 2006), to determine whether a person who is not the assessed taxpayer can utilize 28 U.S.C. § 1346 to seek a refund when its funds were seized through a wrongful levy and it had an opportunity to utilize the wrongful levy procedures under 26 U.S.C. § 7426. *EC Term of Years Trust v. United States*, 434 F.3d 807 (5th Cir. 2006), *cert. granted*, 127 S. Ct. 467 (2006). On April 30, 2007, the Court issued an opinion affirming the Fifth Circuit's holding that section 7426(a)(1) provides the exclusive remedy for third-party wrongful levy claims.

Accordingly, defendant's request for a stay pending the Court's decision in *EC Term of Years Trust*, is denied. Based on the Court's apparently dispositive ruling in that case, the undersigned hereby orders the parties to provide briefing as to the effect of that ruling on this action. Defendant shall file an appropriate motion and supporting brief within forty-five days of

---

[1] Those findings and recommendations were issued by Magistrate Judge Gregory G. Hollows on June 21, 2006. The case was subsequently reassigned to the undersigned on August 29, 2006.

1 the date of service of this order.  Plaintiff shall file an opposition thereto within fourteen days
2 thereafter.  Defendant may file a reply within five days following plaintiff's filing of her
3 opposition, if any.  Upon filing of the reply brief, or if none is filed within five days after
4 plaintiff's filing of her opposition, the matter will be deemed submitted on the papers, and no
5 hearing will be scheduled unless later determined to be necessary by the court.  E.D. Cal. L.R.
6 78-203(h).

In accordance with the foregoing, IT IS ORDERED that:

1. Defendant's request for a stay is denied;

2. Defendant shall file within forty-five days of service of this order an appropriate motion and supporting brief addressing the effect of the Supreme Court's decision in *EC Term of Years Trust v. United States*, No. 05-1541 (Apr. 30, 2007), on this action.  Plaintiff shall file any opposition within fourteen days thereafter.  Any reply by defendant shall be filed within five days after filing of plaintiff's opposition, at which time the matter will deemed submitted on the papers, and no hearing will be scheduled unless later deemed necessary by the court.  E.D. Cal. L.R. 78-203(h); and

3. The parties shall be limited in their discovery efforts, if any, only by the Federal Rules of Civil Procedure.

DATED:  May 1, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3