IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE R. SCHEAFNOCKER,

      Plaintiff,                        No. CIV S-05-2002 RRB EFB PS

      vs.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,               FINDINGS AND RECOMMENDATIONS

      Defendant.
_____/

      This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently before the court is defendant's motion for judgment on the pleadings and plaintiff's opposition thereto. Having reviewed the record and the submitted briefing, the court recommends that defendant's motion be denied without prejudice to renewal upon submission of supplemental briefing as specified herein.

**I. BACKGROUND**

      This action is proceeding on the complaint, filed October 4, 2005. Plaintiff alleges that she was denied due process when the Internal Revenue Service ("IRS") levied upon and seized a certificate of deposit ("CD") that plaintiff held jointly with her ex-husband. The CD was attached to satisfy the tax liabilities of plaintiff's ex-husband, specifically, trust fund

1

employment taxes and penalties.  Plaintiff alleges that the CD was purchased in 1988 with a $10,800 check made out to plaintiff and her ex-husband representing the profits from the sale of their marital home pursuant to their 1983 divorce.  She alleges that the funds were placed in the joint CD "pending a child support settlement by the Texas court."  Complaint, at ¶ 1.  She further alleges that the funds remained in the joint CD until they were seized by the IRS in 2003 to pay the federal tax liabilities of her husband.  Complaint, at ¶ 2-3.

In July 2004, upon a failed attempt to make a deposit in the account, plaintiff learned that the IRS had seized all funds in May 2003.  Plaintiff alleges that neither the bank nor the IRS notified her of the levy, and that she was therefore denied the opportunity to oppose the government's action.

On August 19, 2004, the IRS received plaintiff's Application for Tax Pay Assistance Order, seeking return of the funds pending a final decision by the Texas courts.  On January 3, 2005, the application was denied on the ground that the nine-month statute of limitations for making a wrongful levy claim had expired.  26 U.S.C. § 7426(a)(1).  The IRS suggested that plaintiff seek recovery from her ex-husband.

On March 23, 2005, plaintiff filed in tax court a "Petition for Lien or Levy Action."  The IRS dismissed the petition on May 31, 2005, for lack of jurisdiction.  Plaintiff then filed the present complaint in this court on October 4, 2005.  Defendant moved to dismiss the complaint, and on June 21, 2006, the previously assigned magistrate judge issued findings and recommendations recommending that it be denied based on then prevailing Ninth Circuit law, as set forth in *WWSM Investors v. United States*, 64 F.3d 456, 458 (9th Cir. 1995).  In *WWSM Investors*, the Ninth Circuit held that where a person's assets were seized to satisfy the unpaid payroll taxes of another, 26 U.S.C. § 7426 was not the exclusive remedy for a wrongful levy

////
////
////

action; a refund action could also be filed pursuant to 28 U.S.C. § 1346(a)(1).[1] *WWSM Investors*, 64 F.3d at 458.

On March 29, 2007, the district judge adopted these findings and recommendations and noted that although the Ninth Circuit's holding in *WWSM Investors* was binding precedent, all other circuit courts that had considered the issue determined that § 7426 is the exclusive remedy for third party wrongful levy claims.

The Supreme Court expressly resolved this conflict of authority in *EC Term of Years Trust v. United States*, 127 S. Ct. 1763 (Apr. 30, 2007), holding that 26 U.S.C. § 7426 provides the exclusive remedy for third-party wrongful levy claims. Accordingly, the undersigned ordered the parties to submit briefing regarding the effect of the Supreme Court's holding on this action. Defendant responded by filing a motion for judgment on the pleadings, which plaintiff opposed.

**II. ANALYSIS**

   **A. Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996) (citation omitted).

   **B. Application**

Defendant alleges that it is entitled to judgment as a matter of law based on *EC Term of Years*. Specifically, defendant argues that pursuant to the Supreme Court's holding the exclusive

---

[1] 28 U.S.C. § 1346(a)(1) provides, "[t]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws."

3

remedy of a third-party non-taxpayer, such as plaintiff, is a wrongful levy claim under § 7426, and because plaintiff's claim under that section is barred by the statute of limitations, defendant must prevail as a matter of law.

Plaintiff does not dispute that her claim was filed outside the nine-month limitation period provided in § 7426. Rather, she opposes defendant's motion, arguing that *EC Term of Years* is not dispositive of her claims. She argues that the Supreme Court's holding in *EC Term of Years* applies only where the third-party alleging a wrongful levy has had actual notice of the levy and an opportunity to avail herself of the procedures set forth in § 7426. Plaintiff further argues that her due process rights under the Constitution entitle her to individual notice of the levy and thus, a meaningful opportunity to challenge it.

Section 6331(a) of the Internal Revenue Code provides that the government may collect the taxes of a delinquent taxpayer "by levy upon all property and rights to property . . . belonging to such person. . . ." 26 U.S.C. § 6331(a). Where the taxpayer's property is held by another, a notice of levy is customarily served upon the custodian pursuant to § 6332(a). *United States v. National Bank of Commerce*, 472 U.S. 713, 720 (1985). "This notice gives the IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into constructive possession of the Government." *Id.* at 720.

Section 6331 does not "implicate the rights of third parties because an administrative levy, unlike a judicial lien-foreclosure action, does not determine the ownership rights to the property. Instead, third parties whose property is seized by a levy are entitled to claim that the property has been wrongfully levied upon, and may apply for its return either through administrative channels, or through a civil action" filed pursuant to § 7426(a)(1). *National Bank*, 472 U.S. at 731 (citations and quotations omitted).

Again, as established by the holding in *EC Term of Years*, § 7426 provides the exclusive remedy for third-party wrongful levy claims. The statute of limitations for filing a cause of

4

action under § 7426(a) is governed by 26 U.S.C. § 6532(c). 26 U.S.C. § 7426(h). Section 6532(c) provides that no § 7426 suit "shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. § 6532(c)(1).

When a person files a written request for return of property wrongfully levied upon, the statute of limitations is extended an additional twelve months from the date of the filing. *See* 26 C.F.R. §§ 301.6343-1(b)(2), 301.6532-2(b)(1). Where a suit is filed after the nine-month period the suit is time-barred. *See Winebrenner v. United States*, 924 F.2d 851, 856 (9th Cir. 1991).

However, although most federal courts have concluded that failure to file a timely claim under § 7426(a)(1) deprives the court of subject matter jurisdiction, *see Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 352 (3d Cir. 2000), the Ninth Circuit has issued inconsistent decisions on this issue and has held that a wrongful levy action under that section can be equitably tolled. *Compare Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (affirming dismissal of untimely § 7426(a)(1) claim for lack of jurisdiction) *with Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (holding that the time limitations set forth in § 6532(c)(1) is not jurisdictional and that equitable tolling principles may apply to make the action timely); *see also Capital Tracing, Inc. v. United States*, 63 F.3d 859, 863 (9th Cir. 1995) (applying the doctrine of equitable tolling to the limitations period in an action brought pursuant to § 7426).

Again, it is undisputed that plaintiff failed to file a timely action under § 7426, and thus failed to obtain the additional twelve months to file her civil action. *See* 26 U.S.C. § 6532(c)(2); 26 U.S.C. § 6343(b). Plaintiff's first administrative request was received by the IRS on August 19, 2004, just weeks after plaintiff learned of the levy, but more than a year after the levy itself. Although plaintiff does not specifically assert the doctrine of equitable tolling, the thrust of her allegations and arguments are that she was – through no fault of her own – denied due process, i.e. meaningful notice and a meaningful opportunity to challenge the levy. Quite simply, she could not challenge it within the prescribed time limitations because she was never given notice

5

of it.

The Supreme Court did not address this issue in *EC Term of Years*, presumably because the parties in that case had received notice of the levy and therefore had an opportunity to bring a timely action under § 7426. In that case, the IRS assumed that a married couple had transferred assets to a trust in order to evade taxes, and therefore filed a tax lien against the trust to satisfy the couple's federal tax liabilities. *EC Term of Years*, 127 S. Ct. at 1766. The trust denied any tax obligations, but to avoid disruptive collection efforts, deposited funds in a bank account against which the IRS issued a notice of levy to the bank. The bank responded by turning the funds over to the government. *Id*. The trust later brought a § 7426(a)(1) action claiming wrongful levy, but failed to do so within the nine-month statute of limitations. Accordingly, the district court dismissed the action as untimely. *Id.* at 1767. The trust later tried, unsuccessfully, to obtain relief by filing a refund action pursuant to § 1346(a)(1).

Although it is clear from the Court's holding in *EC Term of Years* that § 7426 is the exclusive remedy for a wrongful levy action, it is much less clear, based on a careful review of the relevant statutes and case law, whether a third party, such as plaintiff, is entitled to individual notice of a levy on property she owns jointly with a delinquent taxpayer. It is further unclear whether or not the failure to provide such individual notice, or at least some form of meaningful notice and opportunity to be heard, might serve as a basis for equitable tolling, in which case defendants' Rule 12(c) motion must necessarily be denied.

The Supreme Court has discussed, but not decided, the issue of whether due process requires notice to the co-owner of a bank account that is levied to satisfy another owner's tax obligations. In *National Bank*, the Court addressed whether the IRS had a right to levy two joint bank accounts for delinquent federal income taxes owed by only one of the persons in whose names the accounts were made. *National Bank*, 472 U.S. at 717. A notice of levy was served on the bank demanding that the bank pay the government all sums owed by the delinquent taxpayer.
////

The bank refused to comply, uncertain of how much money on deposit belonged to each of the account's individual co-depositors. The United States sued, seeking judgment against the bank. The district court concluded that due process required the IRS to identify the co-depositors and provide each of them with notice and an opportunity to be heard. More specifically, it held that upon notice of a levy, the bank should freeze the assets in the account and provide the IRS with the names of the co-depositors, pending evidence by the co-depositors regarding their interests in the funds. If the bank believed a genuine dispute about ownership of the funds existed, it could refuse to surrender them to the Government. The United States Court of Appeals for the Eighth Circuit affirmed, but expressed no opinion on the district court's constitutional analysis. The Supreme Court reversed, rejecting the district court's assessment of what due process required with regard to a joint account. It pointed instead to 26 U.S.C. § 7426 as the appropriate vehicle for third parties claiming an interest in property seized to satisfy another's tax liabilities. *Id.* at 728-29.

The court noted that the approach suggested by the lower courts would "force the IRS, if it wished to pursue a delinquent taxpayer's interest in a joint bank account, to institute a lien foreclosure suit under § 7403, joining all co-depositors as defendants." *Id.* at 732. It noted that "[t]he practical effect of this would be to eliminate the alternative procedure for administrative levy under §§ 6331 and 6332." *Id.* at 732-33.

In a footnote, the court explicitly declined to decide the issue posed here, the "constitutional questions . . . concerning the adequacy of notice provided by . . . § 7426 to persons with competing claims to the levied property." *Id.* at 729, n.12. The Court noted that nothing in the record indicated whether the co-depositors "were on notice as to the levy, or as to what the Government's practice is concerning the notification of co-depositors in this context." *Id.* The Court further remarked that the parties were free to address this issue on remand. On remand, however, this issue was never fleshed out as it was ultimately determined to be moot. *United States v. National Bank of Commerce*, 775 F.2d 1050 (8th Cir. 1985) (on remand, the

7

parties and court agreed the constitutional issue of notice was moot because the total amount claimed to be owed by the taxpayer had already been paid over by the bank).

The Court has never returned to the constitutional question concerning the adequacy of notice to co-owners of an account that is levied to satisfy the tax delinquencies of another co-owner, and few lower courts have directly addressed the issue.

The Eighth Circuit has expressly held that Section 7426 "does not impose a duty on the United States to give notice to a possible third-party claimant or to search for them." *Security Counselors, Inc. v. United States*, 860 F.2d 867, 870 (8th Cir. 1988) (quoting *Dieckmann v. United States*, 550 F.2d 622, 624 (10th Cir. 1977)); *see also American Honda Motor Co. v. United States*, 363 F. Supp. 988, 992 (S.D.N.Y. 1973) (IRS has no duty to notify creditors); *see also Buhtz v. Rossler*, No. 98-55901, 2000 U.S. App. LEXIS 15770, at *3, 86 A.F.T.R.2d (RIA) 5302 (9th Cir. July 5, 2000) (denying husband's challenge to a levy on a marital bank account for his wife's tax delinquencies, and holding that notice to the delinquent taxpayer was sufficient because the account was joint and both husband and wife had the unrestricted right to withdraw funds from it) (citing *United States v. National* Bank, 472 U.S. 713, 721-26 (1985)).

Further, after reviewing several applicable statutes, the Internal Revenue Code does not appear to require that individual notice be given to the non-taxpaying co-owners of the levied account. Although 26 U.S.C. § 6330(a)(1) provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made," applicable regulations indicate that this provision applies *only to the taxpayer to be levied*. *See* 26 C.F.R. § 301.6330-1(a)(3) (emphasis added). That provision specifies that, under section 6330(a)(1), the "person" entitled to notice is the person liable to pay the tax due. *Id.*

However, the parties have pointed to no provision of the IRC squarely addressing the issue of whether a third party co-owner of the levied asset is also entitled to individual notice.
////

Further, as discussed above, the court has found no binding, published opinion that directly addresses this issue.

Thus it remains unresolved whether a lack of any meaningful notice of the levy provided to plaintiff, an owner of the property, has any bearing on whether she may maintain this action under § 7426. More specifically, neither party has sufficiently addressed the issue of what, if any, notice of the levy was due plaintiff, and whether failure to provide such notice may equitably toll the nine-month statute of limitations. *See Supermail Cargo*, 68 F.3d at 1206 ("equitable tolling may be applied to extend the period for bringing a wrongful levy claim against the government under 26 U.S.C. § 7426"). As a constitutional minimum, it would appear that due process mandates at least meaningful notice and a meaningful opportunity to be heard. *See Goldberg v. Kelly*, 397 U.S. 254, 262-63 (1970).

Based on this outstanding legal issue, the court cannot at this time find that defendant is entitled to judgment on the pleadings as a matter of law. Accordingly, the court recommends that defendant's motion be denied, but without prejudice to renewal upon the filing of supplemental briefing on the issue of the adequacy of notice to plaintiff, what notice and opportunity to be heard is constitutionally required for a co-owner of the property being seized, as well as the interplay of that issue with the doctrine of equitable tolling. Such supplemental briefing shall be filed by defendant within forty-five days of the district judge's order ruling on these findings and recommendations. Plaintiff may submit supplemental opposition briefing, if any, within twenty days from the date defendant's brief is filed. Defendant's reply, if any, shall be due five days thereafter.

## III. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that defendant's May 11, 2007, Rule 12(c) motion be denied without prejudice to renewal upon the filing of supplemental briefing, as directed above.

////

9

| 1 | These findings and recommendations are submitted to the United States District Judge
| 2 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10)
| 3 | days after being served with these findings and recommendations, any party may file written
| 4 | objections with the court and serve a copy on all parties. Such a document should be captioned
| 5 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
| 6 | shall be served and filed within ten (10) days after service of the objections. The parties are
| 7 | advised that failure to file objections within the specified time may waive the right to appeal the
| 8 | District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
| 9 | 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 1, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE