IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE R. SCHEAFNOCKER,

    Plaintiff,                      No. CIV S-05-2002 RRB EFB PS

    vs.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,                 ORDER

    Defendant.
                                   /

       This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). The case concerns plaintiff's attempt to pursue a wrongful levy action against the Internal Revenue Service ("IRS") after the expiration of the nine-month limitations period provided in 26 U.S.C. § 6532(c) and whether that period was equitably tolled due to a lack of notice to the plaintiff.

       The property levied by the IRS were funds held in a National City Bank certificate of deposit account in Bellevue, Pennsylvania. Plaintiff alleges she owned the account jointly with her ex-husband, and that they purchased it in 1988 with a $10,800 check representing the profits from the sale of their marital home pursuant to their 1983 divorce. Plaintiff alleges that the funds were placed in the joint account "pending a child support settlement by the Texas court." Compl., at ¶ 1.

The account was levied by the IRS in 2003 to pay the federal tax liabilities of plaintiff's ex-husband. Plaintiff never received notice of the levy, and by the time she learned of it, more than nine months from the notice of levy to the bank had expired. Plaintiff's complaint alleges that the IRS's failure to notify her of the levy violated her right to due process. She urges the court to allow her to pursue her claim despite the running of the expiration of the nine months from the notice to the bank.[1]

Defendant initially filed a motion to dismiss based on lack of subject matter jurisdiction, improper venue, and for failure to state a claim. The previously assigned magistrate judge recommending that the motion be denied, finding that under then existing Ninth Circuit precedent, a plaintiff compelled to pay another's taxes could proceed under both 26 U.S.C. § 7426 and 28 U.S.C. § 1346(a). Even though the nine-month limitations period for actions brought pursuant to § 7426 had expired, the magistrate judge found that plaintiff could proceed with a refund action pursuant 28 U.S.C. § 1346(a)(1). That recommendation was adopted by the district judge on March 29, 2007. On that basis, the court found venue appropriate pursuant to 28 U.S.C. § 1402(a)(1) (governing actions brought under 28 U.S.C. § 1346). The court did not address whether or not the time had begun to run until plaintiff, as a property owner, had received some form of notice of the levy. Nor did it address defendant's arguments regarding the asserted inapplicability of equitable tolling. *See* June 21, 2006, Findings and Recommendations (docket no. 26). Defendant subsequently filed an answer preserving its objections to venue. *See* United States' Answer to Complaint (docket no. 39).

The case was subsequently reassigned to the undersigned, and shortly thereafter, the Supreme Court decided *EC Term of Years Trust v. United States*, 127 S. Ct. 1763 (Apr. 30, 2007), which held that 26 U.S.C. § 7426 provides the exclusive remedy for third-party wrongful

---

[1] Courts have held that the period for commencing suit under 26 U.S.C. § 6532(c) begins to run on the date notice of levy is served upon party holding property. *State Bank of Fraser v United States*, 861 F2d 954 (6th Cir. 1988).

2

1    levy claims.  The undersigned then directed the parties to file briefing on the effect of the
2    Supreme Court's ruling on this action.  Defendant responded by filing a Rule 12(c) motion for
3    judgment on the pleadings.

4        Presently before the court are defendant's objections to this court's February 4, 2008,
5    findings and recommendations on that Rule 12(c) motion.  As set forth in those findings and
6    recommendations, the court concluded that defendant's motion should be denied without
7    prejudice to renewal upon the filing of supplemental briefing on the issues of due process and
8    equitable tolling.  *See* February 4, 2008, Findings and Recommendations (docket no. 48).

9        In its February 6, 2008, objections to those recommendations, defendant asserts two
10   bases for an outright dismissal of the case.  First, defendant argues that the nine month statute of
11   limitations on a wrongful levy suit under § 7426 is not subject to equitable tolling; and, (2) that
12   in light of the Supreme Court's ruling in *EC Term of Years* and the applicable venue statute for
13   actions brought under § 7426 (i.e., 28 U.S.C. § 1402(c)), venue is improper.  Plaintiff also filed
14   objections, but they did not address the issue of venue, nor did they provide coherent argument
15   on the issues identified by the court.

16       Defendant's objections regarding equitable tolling are unavailing in light of current
17   controlling Ninth Circuit precedent.  The Ninth Circuit in *Supermail Cargo, Inc. v. United*
18   *States*, 68 F.3d 1204 (9th Cir. 1995) and *Capital Tracing, Inc. v. United States*, 63 F.3d 859 (9th
19   Cir. 1995), expressly held that a wrongful levy action under § 7426 can be tolled.  Defendants
20   argue that these cases have been implicitly overruled by *United States v. Brockamp*, 519 U.S.
21   347 (1997).  However, the Supreme Court did not directly reach the issue in that case, which
22   addressed equitable tolling in the context of a tax refund claim, not wrongful levy claims.
23   Although the Court more generally refined the criteria for determining whether equitable tolling
24   is permitted in suits against the United States, the context of the analysis was not an action under
25   § 7426.  Nor did it involve a complete lack of notice to the property owner.  As discussed in
26   detail in *Mallard Auto. Group, Ltd. v. United States*, 343 F. Supp. 2d 949 (D. Nev. 2004), the

3

Ninth Circuit has yet to revisit its holdings in *Supermail Cargo, Inc.* and *Capital Tracing, Inc.*, since *Brockamp*, and the holdings in those cases are binding on this court.  Thus, under still prevailing Ninth Circuit law, plaintiff may be entitled to tolling.  This is the precise issue on which this court directed further briefing, specifically in the context of plaintiff's allegations that she was never given notice of the levy, and how such lack of notice can be said to comport with due process.  *See Goldberg v. Kelly*, 397 U.S. 254, 262-63 (1970).

Although this issue continues to trouble the court, defendant also objects to the findings and recommendations on the basis of venue, reasserting at this time its earlier argument that venue is improper.[2]  Because plaintiff's sole remedy for her wrongful levy action lies in a claim brought pursuant to § 7426, the statute governing venue is 28 U.S.C. § 1402(c).  That statute provides that a "civil action against the United States under subsection (e) of section 1346 of this title [28 U.S.C. § 1346] may be prosecuted *only* in the judicial district where the property is situated at the time of levy."[3]  28 U.S.C. § 1402(c) (emphasis added); *see Al-Kim, Inc. v. United States*, 650 F.2d 944, 948 n.11 (9th Cir. 1979) (dismissal for improper venue appropriate as to all plaintiffs except those whose bank accounts were seized in the district where the suit was initiated).

In this case, the property that was levied were funds held in a National City Bank account located in Bellevue, Pennsylvania.  *See* Complaint, ¶ 2.  Bellevue, Pennsylvania is located in Allegheny County, which is in the Western Judicial District of Pennsylvania.  28 U.S.C. §

---

[2] Defendant first objected to venue in its initial motion to dismiss, and in its answer. *See United States v. Garratt*, 93 A.F.T.R.2d 2004-532 (E.D. Mich. 2003) (objections to venue were preserved and were not implicitly waived under 28 U.S.C. § 1402 where the government asserted improper venue as a defense in its answer).  The previously assigned magistrate judge's finding that venue was proper was premised solely on plaintiff's ability to pursue this action under 28 U.S.C. § 1346(a)(1).  The Supreme Court's ruling in *EC Term of Years* has made clear that plaintiff no longer has that option; thus, reconsideration of venue is appropriate.

[3] 28 U.S.C. § 1346(e) provides that the district courts "shall have original jurisdiction of any civil action against the United States provided in section . . . 7426. . .of the Internal Revenue Code."

4

118(c). Thus, under § 1402(c), any wrongful levy suit may only be brought in that district, and venue in this district is improper. In lieu of dismissing the complaint on that basis, the court finds that in the interests of justice, the case should be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406, for further adjudication of the issues outlined above.

Accordingly, the court stands by its findings in the February 4, 2008, findings and recommendations, but vacates them insofar as they recommend further adjudication of this action on its merits. The merits of this action shall be adjudicated in the appropriate district court pursuant to 28 U.S.C. § 1402(c). This action is transferred to the United States District Court for the Western District of Pennsylvania.

SO ORDERED.

DATED: February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE