IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNE R. SCHEAFNOCKER,

    Plaintiff(s),                      08cv0278
                                         **ELECTRONICALLY FILED**

    v.

COMMISSIONER OF INTERNAL REVENUE,

    Defendant(s).

## **Memorandum Opinion**

### **I.    Introduction**

Plaintiff, Joanne R. Scheafnocker, who appears *pro se*, alleges that she co-owned a bank account through National City Bank of Pennsylvania, located in Bellevue, Pennyslvania, with her ex-husband, and that in May of 2003, the Internal Revenue Service issued a notice of levy to the bank based upon unpaid taxes owed by the ex-husband. Plaintiff did not learn of the levy until July of 2004.

Plaintiff filed her complaint over 14 months later, in October of 2005, in the Eastern District of California. Proceedings continued in the District Court for the Eastern District of California and the Court ruled on numerous motions, including a motion to dismiss for lack of subject matter jurisdiction, which the Court denied. Defendant previously argued that because plaintiff failed to filed her complaint in a timely manner, under 26 U.S.C. § 7426, the statute of limitations had run and the Court was without jurisdiction to hear the matter. The Court, however, denied the motion, finding that although plaintiff was time barred under 26 U.S.C. § 7426, under *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995), she could still alternatively bring a suit under the general tax refund statute, 28 U.S.C. § 1346(a)(1), which was

subject to a two-year statue of limitations. Subsequently, the United Supreme Court in *EC Term of Years Trust v. United States*, 127 S.Ct. 1763 (2007), overruled *WWSM*, holding that 26 U.S.C. § 7426 provides the exclusive remedy for third-party wrongful levy claims. After further briefing on the issue of which statute, if any, under which plaintiff could proceed, on February 19, 2008, the Court held that under Ninth Circuit precedent, a section 7426 wrongful levy action may be equitably tolled. In the same opinion, the Court granted defendant's motion to transfer venue, finding that venue was improper, and transferred this case to this Court (doc. no. 52). In the opinion transferring this case, the Court vacated its findings, "insofar as they recommend further adjudication of this action on its merits."

Pending before this Court is defendant's motion to dismiss under Fed. R. Civ. P. 12h(3) or, in the alternative, for judgment on the pleadings (doc. no. 69).

After careful consideration of defendant's motion (doc. no. 69) and plaintiff's response thereto (doc. no. 72), this Court finds that under the law of this Circuit and controlling Supreme Court precedent, that (A) 26 U.S.C. § 7426 provides the only available remedy to a third party alleging wrongful levy; (B) the statute of limitations for a wrongful levy action under section 7426 cannot be equitably tolled; and (C) plaintiff filed the instant suit beyond the applicable time period. Accordingly, this Court is without jurisdiction to hear this dispute.

**II. <u>Standard of Review</u>**

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Further, Federal Rule of Civil Procedure 12(h)(3) requires dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Unlike the standard that applies to a motion to dismiss premised on Rule 12(b)(6), the burden of persuasion rests with the plaintiff "[w]hen subject matter jurisdiction is

challenged under Rule 12(b)(1)." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005) (quotation omitted). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

### III. Discussion

**A. Plaintiff's only remedy for a wrongful levy claim is under 26 U.S.C. § 7426.**

Plaintiff, as a third-party, alleges that the defendant wrongfully levied her property. As rehearsed, the District Court in the Eastern District of California previously held that under *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995), plaintiff could bring a suit under the general tax refund statute, 28 U.S.C. § 1346(a)(1), which was subject to a two-year statute of limitations. However, subsequent to the District Court's decision on the first motion to dismiss, the United States Supreme Court, in *EC Term of Years Trust v. United States*, 127 S.Ct. 1763 (2007), overruled *WWSM*, and held that 26 U.S.C. § 7426 provides the exclusive remedy for third-party wrongful levy claims. Thus, being that section 7426 is the plaintiff's exclusive remedy, this Court must look to the language of that statute and corresponding case law, within the United States Court of Appeals for the Third Circuit, to determine whether plaintiff filed her claim in a timely manner.[1]

---

[1]The District Court for the Eastern District of California held that equitable tolling applied to plaintiff's claim under section 7426 and the law of the United States Court of Appeals for the Ninth Circuit. This Court, while recognizing that this ruling may be considered the "law of the case," the fact remains that this case was transferred to this Court and the law of this Circuit is at odds with the law in the Court of Appeals for the Ninth Circuit. Accordingly, the law of the case doctrine, permits the Court, in its discretion, to revisit such a ruling. Therefore, this Court will proceed to determine anew whether this Court has subject matter jurisdiction over this matter according to applicable precedential authority.

**B. Under the controlling precedent of this Circuit, a wrongful levy action can not be equitably tolled.**

In *Becton Dickinson and Co. v. Wolchenhauer*, 215 F.3d 340 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit held that the statute of limitations for wrongful levy actions brought by person other than the taxpayer is a jurisdictional bar that cannot be equitably tolled. The Court provided the following discussion of the relevant statutory language, which bears repeating:

> Section 7426(a)(1) provides third parties with a civil cause of action to recover from the IRS property "wrongfully levied." 26 U.S.C. § 7426(a)(1) (1999); see, e.g., *Internal Revenue Service v. Gaster*, 42 F.3d 787, 789 (3d Cir.1994). Section 6532(c) of the Internal Revenue Code, which sets forth the relevant time limitation for wrongful levy actions brought pursuant to section 7426(a)(1), states:
> c) Suits by persons other than taxpayers.-
>
> (1) General rule.-Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
> (2) Period when claim is filed.-If a request is made for the return of property [wrongfully levied upon], the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.
>
> 26 U.S.C. § 6532(c) (1999). **Thus, as the statute clearly indicates, "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy."** 26 U.S.C. § 6532(c)(1) (1999).

*Id*. at 333-334. (Emphasis added).

In *Becton*, the Court of Appeals conducted an extensive analysis setting forth the relevant case law on the concept of equitable tolling as a whole and with specific consideration to suits against the government. The Court of Appeals ultimately stated that to allow equitable tolling "could open the floodgates to countless suits brought under section 7426 against the government

. . . .[A]nd would jeopardize, perhaps even destroy, the IRS's ability to impose a levy on other assets owned by a delinquent taxpayer." *Id.* at 351.

### C. Plaintiff filed the instant suit beyond the statute of limitations and therefore, this Court is without jurisdiction to hear this dispute.

The IRS issued the notice of levy in May of 2003. Plaintiff learned of the levy in July of 2004. Plaintiff filed her complaint over 14 months later, in October of 2005, in the Eastern District of California. Thus, plaintiff filed the instant suit over 26 months after the levy on the account and 14 months after she became aware of the levy. Accordingly, plaintiff's suit is untimely, and the Court is therefore without jurisdiction to hear her claim.[2]

### IV.  Conclusion

Because this Court lacks subject matter jurisdiction over plaintiff's wrongful levy claim, the Court will grant defendant's motion to dismiss.[3] An appropriate order follows.

    SO ORDERED this 22nd day of May, 2008.

    s/Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:    All Registered ECF Counsel and Parties

Joanne R. Scheafnocker
6440 Silkwood Way
Citrus Heights, CA 95621

---

[2] The Court notes that in her response to the motion to dismiss, plaintiff only briefly addresses the jurisdictional time bar issue. She simply states that the Eastern District of California Court previously ruled that equitable tolling is required. She does not address relevant case law of this Circuit, and many of her other arguments are difficult to discern.

[3] Although defendant moves alternatively for judgment on the pleadings, in light of the jurisdictional bar, the Court will not consider the action on its merits.